UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICARDO FIALLOS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>　　　　Defendant. | **Civil Case No: 2:11-cv-2846-WHW** |

Defendant, NCO Financial Systems, Inc. ("NCO"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Ricardo Fiallos (Plaintiff), and states:

1.　　NCO admits Plaintiff purports to bring an action for actual and statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but denies any damages, liability and/or violations to the extent alleged in ¶ 1.

2.　　NCO denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

3.　　NCO admits the allegations in ¶ 3.

4.　　NCO admits only that when it operates as a debt collector, as defined by 15 U.S.C. § 1692(a)(6), that certain of its activities may be regulated by the FDCPA. Except as specifically admitted, NCO denies the allegations in ¶ 4.

5.　　NCO denies the allegations in ¶ 5 as calling for a legal conclusion.

6. NCO admits only that on or about June 9, 2010, it sent to Plaintiff a letter in an attempt to collect an outstanding debt.

7. NCO admits that it was but denies that it is still attempting to collect an alleged debt.

8. NCO admits only that it was retained by American Express to collect a debt owed to that entity by Plaintiff.

9. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 9 state otherwise, they are denied.

10. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 10 state otherwise, they are denied.

11. Paragraph 11 makes no allegations against NCO to which an Answer is required. To the extent an Answer is required, NCO denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

12. NCO denies the allegations in ¶ 12.

13. NCO denies the allegations in ¶ 13.

14. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 14 state otherwise, they are denied.

15. Paragraph 15 makes no allegations against NCO to which an Answer is required, but contains only a legal conclusion. To the extent an Answer is required, and to the extent Plaintiff has misstated the law, NCO denies the allegations in ¶ 15.

16. NCO admits only that its records reflect that it received on June 21, 2010 correspondence from Plaintiff's counsel

17. NCO denies the allegations in ¶ 17.

18. NCO denies the allegations in ¶ 18.

19. NCO denies the allegations in ¶ 19.

20. NCO denies the allegations in ¶ 20.

21. NCO denies the allegations in ¶ 21.

22. NCO denies that Plaintiff is entitled to the relief requested in the final paragraph of his Complaint which begins "CLAIMS FOR RELIEF."

AND NOW, in further Answer to the Complaint, Defendant NCO avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's Complaint fails to state a claim against NCO upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

WHEREFORE, Defendant NCO requests the Court dismiss this action with prejudice and grant it all further and necessary relief the Court deems appropriate.

Dated:  June 24, 2011

                                      Respectfully submitted

                                      /s/ Aaron R. Easley
                                      Aaron R. Easley (ae9922)
                                      SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                      200 Route 31 North, Suite 203
                                      Flemington, NJ 08822
                                      Telephone No.: (908) 751-5940
                                      Facsimile No.: (908) 751-5944
                                      aeasley@sessions-law.biz
                                      Attorneys for Defendant
                                      NCO Financial Systems, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2011, a copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's CM/ECF system.

    Yaakov Saks, Esq.
    Law Offices of Matthew E. Rose, Esq.
    209 Main Street – 2nd Floor
    Fort Lee, NJ 07024
    Tel: (201) 482-8111
    Fax: (201) 482-8190
    Attorney for Plaintiff

By:   /s/ Aaron R. Easley
       Aaron R. Easley, Esq.
       Attorney for Defendant
       NCO Financial Systems, Inc.